IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| DAVID REKO HERNANDEZ, | Cause No. CV 14-33-H-DLC-RKS |
|---|---|
| Petitioner, | |
| vs. | ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| LEROY KIRKEGARD, WARDEN; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On May 16, 2014, Petitioner David Hernandez moved to proceed in forma pauperis with this action under 28 U.S.C. § 2254. Mr. Hernandez is a state prisoner proceeding pro se.

Mr. Hernandez has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis is granted.

Mr. Hernandez's petition should be dismissed without prejudice. It appears he intended to file in the Montana Supreme Court. *See* Pet. (Doc. 1) at 5 ¶ 13A(iv). Whether he intended to file there or not, that is where he must file.

Mr. Hernandez alleges that he was not notified of his right to be represented by counsel at a hearing on his application for parole and was not represented. Pet. at 4-5 ¶¶ 13A-13B. Before he may proceed in this Court, Mr. Hernandez must

1

exhaust his state judicial remedies with respect to that claim by using the state's normal channels for original and appellate review. *See Rose v. Lundy*, 455 U.S. 509, 520 (1981) (providing "a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."). Because Mr. Hernandez may file in the Montana Supreme Court, he must. His federal petition should be dismissed without prejudice. He may file a federal habeas petition after he has properly exhausted his available state remedies. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

A certificate of appealability, 28 U.S.C. § 2253(c)(2), is not appropriate. Reasonable jurists would not find any exhausted claim. There is no reason to encourage further proceedings in this Court at this time. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Based on the foregoing, the Court enters the following:

**ORDER**

Mr. Hernandez's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

**RECOMMENDATION**

1. Mr. Hernandez's petition (Doc. 1) should be DISMISSED as

unexhausted.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Hernandez may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Hernandez must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 19th day of May, 2014.

                 */s/ Keith Strong*
                 Keith Strong
                 United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.